IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| VIKING INSURANCE COMPANY OF WISCONSIN,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY SHORTER, MAKAYLA SUTER, SHAYNE BATIE, KELLY BATIE, S.B., A MINOR,<br><br>Defendants. | Case No. 3:21-05003-CV-RK |

### ORDER FOR BRIEFING ON THE ISSUE OF SUBJECT MATTER JURISDICTION AND OTHERWISE STAYING THE CASE

Before the Court is the parties' status report, which includes a request to stay this litigation pending the final resolution and wrap up of all settlements requiring court approval being obtained in Missouri circuit court. (Doc. 30.)

Also at issue in this Order is whether the Court has jurisdiction over this suit. The First Amended Complaint identifies Plaintiff as a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in Stevens Point, Wisconsin. (Doc. 7, ¶ 1.) Defendants are identified as citizens and residents of Missouri. (*Id.*, ¶¶ 2-6.) Plaintiff claims jurisdiction exists based on diversity of citizenship and seeks declaratory relief. (*Id.*, ¶¶ 7, 29-32.)

Pursuant to 28 U.S.C. §1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." The Court has an independent obligation to assess federal jurisdiction for all parties involved in a case. *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777-78 (8th Cir. 2014). Plaintiff, as the party invoking the Court's jurisdiction, must present facts supporting jurisdiction by a preponderance of the evidence. *Schubert v. Auto Owners Inc. Co.*, 649 F.3d 817, 822 (8th Cir. 2011). In particular, Plaintiff must show the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). The sum claimed in the complaint by the plaintiff is usually dispositive. *Schubert*, 649 F.3d at 822. However, "[w]here it is a legal certainty that the claim is really for less than the jurisdictional amount, jurisdiction is not proper." *Mensah v. Owners Ins. Co.*, 951 F.3d 941, 943 (8th Cir. 2020). *See Scottsdale Ins. Co. v. Universal Crop*

*Protection Alliance, LLC,* 620 F.3d 926, 932 (8th Cir. 2010) ("a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount'").

Here, upon review of the First Amended Complaint and exhibit consisting of the subject insurance policy (Docs. 7, 7-1), the policy limits in the insurance policy appear, to a legal certainty, unable to satisfy the jurisdictional amount. Furthermore, the Defendant Suter's Answer admits "that her counsel initially believed coverage might exist under the Policy in excess of the bodily injury liability limits of $50,000 per accident; but based on the Policy attached to the First Amended Complaint, coverage would not exceed $50,000." (Doc. 13, ¶¶ 25-26.) Likewise, the only other answer filed, that of Defendant Kelly Batie, admits "that the Policy's language provides for only a single application of the bodily injury liability limits of $50,000.00 per accident and applies to the July 16, 2020 crash and the claims of Defendants that are the subject of this lawsuit[,]" and that "Plaintiff only needs to interplead $50,000.00 into the Court Registry under Plaintiff's Count II for Interpleader, representing the total available policy limits of that Policy for all of Defendants' claims unless additional policies are discovered." (Doc. 25, ¶¶ 31-32.) As a result, it appears the suit at issue cannot, to a legal certainty, meet the requirement pursuant to 28 U.S.C. § 1332(a) for federal jurisdiction.

## Conclusion

Accordingly, the Court **ORDERS** as follows:

1. The parties are to submit briefing on whether this Court has subject matter jurisdiction, particularly as it relates to the amount in controversy:
   a. Plaintiff's brief is due on or before November 5, 2021;
   b. Response/opposition briefing is due on or before November 19, 2021; and
   c. Plaintiff's reply brief is due on or before December 3, 2021;
2. The parties' request to stay this case is **GRANTED in part**;
3. This case is hereby **STAYED except as to the briefing on subject matter jurisdiction,** pending the final resolution and wrap up of all settlements requiring court approval being obtained in Missouri circuit court; and

4. The parties are **ORDERED** to file a status report every thirty days during the pendency of the stay of this case, and to file a motion to lift the stay as soon as the state court proceedings are concluded.

   **IT IS SO ORDERED.**

          /s/ Roseann A. Ketchmark
          ROSEANN A. KETCHMARK, JUDGE
          UNITED STATES DISTRICT COURT

DATED: October 20, 2021